[No. 43227.    En Banc.    December 12, 1974.]

PACIFIC COUNTY, *Respondent*, v. THE STATE OF WASHINGTON, *Appellant*.

*Slade Gorton, Attorney General,* and *Philip H. Austin, Deputy,* for appellant.

*Anton J. Miller, Prosecuting Attorney,* for respondent.

STAFFORD, J.—The State of Washington appeals from a summary judgment declaring that the Board of County Commissioners of Pacific County is entitled, without regard to population "to provide for the election of one *full time* justice, or district court judge." We reverse.

During the period of time here in question, Pacific County had a population of approximately 16,000. It was authorized three[1] part time justices or district court

---

[1] RCW 3.34.010.

"Justices of the peace—Number for each county. The number of justices of the peace to be elected in each county shall be: . . . Pacific, three   . . ."

682

judges.[2] RCW 3.34.020 as amended by Laws of 1973, 1st Ex. Sess., ch. 14, § 2[3] provides for a *full time* justice or district court judge to be elected in justice court districts having a population of 40,000 or more but less than 60,000.[4] Obviously, Pacific County does not have the requisite population. Next, RCW 3.34.020, as amended, authorizes the county commissioners to make a *part time* position a *full time* office if the district's population is "not more than ten thousand less than the number required . . . . for a full time justice of the peace." (*I.e.*, if the population is 30,000 or more.)[5] Clearly, Pacific County has a population far less than the alternatively required 30,000 and thus is not entitled to a full time justice or district court judge under that proviso.

However, Pacific County makes its most serious claim under the final proviso of RCW 3.34.020, as amended,

---

[2] RCW 3.34.040.

"*Justices of the peace—Full time and part time.* Justices of the peace serving districts having a population of forty thousand or more persons, and justices receiving a salary greater than nine thousand dollars for serving as a justice, shall be deemed full time justices and shall devote all of their time to the office and shall not engage in the practice of law. *Other justices shall devote sufficient time to the office to properly fulfill the duties thereof and may engage in other occupations . . .*" (Italics ours.)

[3] RCW 3.34.020.

"*Justices of the peace—Number of full time.* In each justice court district having a population of *forty thousand or more but less than sixty thousand,* there shall be elected one full time justice of the peace; in each justice court district having a population of sixty thousand but less than one hundred twenty-five thousand, there shall be elected two full time justices . . . *Provided further,* That the *county commissioners may by resolution make a part time position a full time office if the district's population is not more than ten thousand less than the number required by this section for a full time justice of the peace:* Provided further, That the county commissioners, subject to the limitations of RCW 3.34.010, may by resolution provide for the election of one full time justice in addition to the number of full time justices authorized hereinbefore . . ." Enacted Laws of 1961, ch. 299, § 11; amended by Laws of 1969, 1st Ex. Sess., ch. 66, § 7; Laws of 1970, 1st Ex. Sess., ch. 23; § 2; Laws of 1973, 1st Ex. Sess., ch. 14, § 2. (Italics ours.)

[4] RCW 3.34.020.

[5] RCW 3.34.020.

which states: "[t]hat the county commissioners . . . may by resolution provide for the election of *one full time justice in addition to the number of full time justices authorized hereinbefore*." (Italics ours.) Based on the foregoing, Pacific County asserts that it is entitled to one full time justice or district court judge. In fact, it appears to be their position that RCW 3.34.020, as amended, authorizes all counties, regardless how small, to provide for the election of at least one full time justice or district court judge.

Pacific County acknowledges that heretofore it was entitled to three *part time* judicial officers, but was not entitled to a *full time* justice or district court judge. Nevertheless, the County argues, the final proviso in the amended version of RCW 3.34.020 removes all population requirements because heretofore Pacific County was entitled to "zero" full time judicial officers. Mathematically, "zero" is a number. Since the proviso in question authorizes one full time justice or district judge "in addition to the *number* of full time justices authorized hereinbefore" (Italics ours.), the County argues it is entitled to a full time judicial officer because "zero" being a *number*, they are entitled to one more than the *number* they had. In short, $0 + 1 = 1$. While the theory is novel, it lacks merit.

■ Without question, "zero" may be a number in the definitional sense. We do not feel, however, that the legislature had the "number" zero in mind when it provided for the election of an *additional* full time justice. It is difficult to imagine the legislature intending to authorize the election of an *additional* full time justice when it had not provided for the election of even one full time justice in the first place.

■ In *Tatum v. Marsh Mines Consol.*, 108 Wash. 367, 370, 184 P. 628, 187 P. 410 (1919), we said: "the function of a proviso attached to a statute is a restraint upon, an exception to, or a modification of, something which appears in the declaring part of the act." It is obvious that the final

proviso in RCW 3.34.020 does not purport to extend the authority to elect full time justices beyond the limits set in the declaratory part of the act.

██ In construing a statute we must follow the intent of the legislature if that intent is clear. *Guinness v. State,* 40 Wn.2d 677, 246 P.2d 433 (1952); *Roza Irrigation Dist. v. State,* 80 Wn.2d 633, 497 P.2d 166 (1972). Here the intent is clear. The final proviso of RCW 3.34.020, as amended, authorizes county commissioners to provide, by resolution, for the election of an *additional* full time justice or district judge only in those counties which are, because of population, already entitled to elect at least one full time judicial officer.

Even a superficial reading of the statute reveals that population of justice court districts is the determinative factor which controls the number of full time justices to be elected. For example, the election of one full time justice is authorized in a district having a population of 40,000 or more but less than 60,000; two full time justices are authorized if the district has a population of 60,000 but less than 125,000, etc. Clearly the legislature felt that a district having a population of less than 40,000 had an insufficient volume of district court litigation to warrant the election of a full time justice. A proviso in the statute does allow the county commissioners to make a part time position a full time one, however "if the district's population is not more than ten thousand less than the number required by this section for a full time justice of the peace," (*i.e.,* 30,000 people).[6] This gives county commissioners, in counties having a population between 30,000 and 40,000, the option to convert a part time position to a full time office if they feel the amount of district court litigation requires such action. Nevertheless, the proviso reveals that the minimum popu-

---

[6]RCW 3.34.020.

lation requirement must still be met before such a full time position is authorized.

The judgment of the trial court is reversed.

HALE, C.J., and FINLEY, ROSELLINI, HUNTER, HAMILTON, WRIGHT, UTTER, and BRACHTENBACH, JJ., concur.

Petition for rehearing denied January 6, 1975.