[No. 79966-1. En Banc.]
Argued June 12, 2007.    Decided August 16, 2007.

Howard F. Delaney, *Appellant*, v. The Spokane County Board of Commissioners et al., *Respondents*.

*Scott R. Staab* (of *Anderson & Staab*) and *Tracy A. Staab* (of *Federal Public Defenders*), for appellant.

*Steven J. Tucker, Prosecuting Attorney,* and *James P. Emacio* and *Dan L. Catt, Deputies,* for respondents.

¶1 OWENS, J. — Howard Delaney filed a writ of mandamus seeking to compel the Board of Spokane County Commissioners (Board) to fund a 10th district court judge position. Delaney also sought to compel the Spokane County auditor to accept his declaration of candidacy for the position. The trial court denied his writ, holding that the Board retains the discretionary authority to establish and fund the 10th district court judge position in Spokane County. We affirm the trial court's denial of the writ.

FACTS

¶2 During the 2002 legislative session, Spokane senators cosponsored an amendment to RCW 3.34.010 increasing the number of full-time district court judges in Spokane County from 9 to 10. The legislature considered this amendment after the Board requested the Supreme Court's assistance in recommending the increase in judge positions. In support of the additional judicial position, the Spokane County sheriff and the prosecuting attorney submitted letters, and two Spokane County District Court judges, the Spokane County District Court administrator, and the chair of the Board testified before the Senate and House Judiciary Committees. The bill reports summarize their testimony: "Spokane County needs an additional district court judge. . . . The county is willing to pay the costs of the [addition]." "There is a clearly demonstrated need for at least one additional judge in the Spokane County District Court. . . . The county legislative authority wants the new position to be created and has agreed to pay for it. There

will be no state expense." S.B. REP. on S.B. 6596, 57th Leg., Reg. Sess. (Wash. 2002); H.B. REP. on S.B. 6596, at 2, 57th Leg., Reg. Sess. (Wash. 2002). The legislation passed in the Senate (48-0) and the House (93-0) and became effective on June 13, 2002.

¶3 Meanwhile, in March 2002, the Spokane County District Court districting committee (Committee) considered an amendment to the Spokane County District Court districting plan (Plan) increasing the number of district court judges from 9 to 10. Clerk's Papers (CP) at 46-52. In April 2002, the Board held a public hearing regarding the Committee's proposed amendment. The Board adopted a resolution providing that "[t]here shall be ten elected full-time judges in the Spokane County District"; however, the Board included the following clarifying language: "Additionally, the Board notes that by amending the Spokane County District Court Districting Plan to increase the number of full-time District Court Judges from nine (9) to ten (10) in Spokane County, the Board is not establishing the additional tenth position. This position will be established subsequent to the effective date of SB 6596 and at the sole discretion of the Board of County Commissioners." *Id.* at 50, 58. The Board has not since established or funded the 10th district court judge position.[1]

¶4 In July 2006, Howard Delaney, a licensed attorney and registered voter in Spokane County, inquired about the 10th judicial position with the Spokane County auditor. *Id.* at 102. The auditor informed Delaney that the 2006 ballot did not include the 10th position because the Board had not established or funded the position. *Id.* Delaney then filed a writ of mandamus in Spokane County Superior Court seeking to compel the Board to establish and fund the position and the auditor to accept his declaration of candi-

---

[1] In a declaration submitted to the trial court, the clerk of the Board, who is responsible "for keeping a recording of all the proceedings of the Board and recording the votes of the Board on all items that come before the Board for action," declared that she had "searched the records of the Board" and that "[t]here is no record indicating that the Board has established and/or funded the 10th . . . position as authorized under SB 6596." CP at 44-45.

dacy for the 10th position. The court denied the writ, ruling that the Board had not established or agreed to fund the 10th district court judge position and did not have a duty to do so. Delaney appealed. We transferred review from the Court of Appeals.

## ISSUE

¶5  Is Delaney entitled to a writ of mandamus compelling the Board to fund the 10th district court judge position pursuant to chapter 3.34 RCW?

## ANALYSIS

### A.  Standard of Review

¶6  A court may issue a writ of mandamus "to compel the performance of an act which the law especially enjoins as a duty resulting from an office." RCW 7.16.160. Whether a statute specifies such a duty is a question of law that we review de novo. *River Park Square, LLC v. Miggins*, 143 Wn.2d 68, 76, 17 P.3d 1178 (2001).

### B.  Creation of an Additional District Court Judge Position

¶7  The legislature has the authority to determine the number of district court judges for each county. CONST. art. IV, § 10. The legislature set forth the number of district court judges for each county in RCW 3.34.010. To change the number of judges listed in RCW 3.34.010, the legislature must follow the procedures in RCW 3.34.020, which provides that the legislature may change the number of district court judges in a given county only "after receiving a recommendation from the supreme court . . . based on an objective workload analysis that takes into account available judicial resources and the caseload activity of each court." RCW 3.34.020(1). If the legislature amends RCW 3.34.010 after receiving such a recommendation, the additional position becomes effective only when "the legislative authority of the affected county documents *its approval* of

any additional positions and *its agreement* that it will pay out of county funds . . . the expenses of such additional judicial positions." RCW 3.34.025 (emphasis added).

¶8 RCW 3.34.010 provides that the number of district court judges in Spokane County "shall be" 10. Delaney argues that the unambiguous language of RCW 3.34.010 sets the minimum number of district court judges as 10. For support, he cites *State ex rel. Royal v. Board of Yakima County Commissioners*, 123 Wn.2d 451, 869 P.2d 56 (1994), where we granted the applicant's writ of mandamus compelling Yakima County to add two additional district court judge positions to satisfy the six positions required by RCW 3.34.010 as of 1992. *Id.* at 466. In rejecting Yakima County's argument that the base number of required judges was the number currently in office, we held that the base number of required judges was the number listed in RCW 3.34.010. However, we qualified this holding with the recognition that any judicial positions created after January 1, 1992, would be subject to the requirements of RCW 3.34.020 and .025. *Id.* Thus, under *Royal*, the "shall be" language of RCW 3.34.010 alone does not establish the minimum number of required judges for positions added after January 1, 1992.

¶9 Rather, an additional position created under RCW 3.34.010 pursuant to the procedures in RCW 3.34.020 is effective only when the local legislative authority satisfies the requirements of RCW 3.34.025. Both parties agree that the legislature properly created the additional judge position in Spokane County pursuant to RCW 3.34.020. We must therefore determine whether the local legislative authority, the Board, satisfied the requirements of RCW 3.34.025.

■ ¶10 For an additional position created via RCW 3.34.020 to become effective, "the [local] legislative authority" must "document[ ] its approval" and "its agreement" to fund the additional position. RCW 3.34.025. Delaney argues that the Board documented approval of the additional position by adopting the amendment to the Plan. He also argues that the legislative committee testimony from two

district court judges and one county commissioner, which indicated that "[t]he county legislative authority wants the new position to be created and has agreed to pay for it," represents the Board's approval and agreement to fund the position. The Board, on the other hand, contends that the amendment to the Plan and the committee testimony are insufficient to constitute formal approval and agreement to fund the additional position. Specifically, the Board explains that "[s]uch testimony is analogous to lobbying and does not rise to the level of a formal act or agreement by a board of county commissioners. The acceptance and agreement to fund a judicial position requires a formal act and at least two of the three Spokane County Commissioners."[2] Br. of Resp'ts at 19-20.

¶11 The Board did not "document[ ] its approval of the additional position[ ] and its agreement" to fund the position within the meaning of RCW 3.34.025. RCW 3.34.025 requires specific approval and funding from the local legislative authority. Although the Board adopted an amendment to the Plan authorizing an additional position, it specifically and affirmatively did not establish or fund the position. The record is void of any formal "agreement that [the local legislative authority] will pay out of county funds, without reimbursement from the state, the expenses of such additional judicial positions as provided by statute." RCW 3.34.025. In addition, the individuals testifying before the House and Senate Judiciary Committees do not constitute a "[local] legislative authority" under RCW 3.34.025. The Board has not established and funded the 10th district court judge position pursuant to RCW 3.34.025 and therefore has not created the position.

---

[2] In his reply brief, Delaney argues that the Board "should be estopped from changing its public testimony that it would fund a tenth position after the Legislature gave the County what it requested by increasing its minimum number of judicial positions to ten." Appellant's Reply Br. at 5. We reject this argument. Although one county commissioner testified in support of the amendment, this does not constitute an official act of the local legislative authority. Additionally, courts disfavor the application of equitable estoppel to government action. *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 20, 43 P.3d 4 (2002).

## CONCLUSION

¶12 We hold that the addition of any district court judge position to the number of judges listed in RCW 3.34.010 after January 1, 1992, implicates the procedural requirements of RCW 3.34.020 and .025. We further hold that the Board did not create the additional position under RCW 3.34.025. Thus, we affirm the trial court's denial of the writ.

ALEXANDER, C.J., and C. JOHNSON, MADSEN, SANDERS, BRIDGE, CHAMBERS, FAIRHURST, and J.M. JOHNSON, JJ., concur.