[No. 21915–4–I.   Division One.   July 17, 1989.]

THE STATE OF WASHINGTON, *Petitioner,* v. JACK ELGIN, *Respondent.*

*Norm Maleng, Prosecuting Attorney,* and *Jeffrey H. Smith, Donald Raz,* and *Scott A. Peterson, Deputies,* for petitioner.

*Ann Ryan* of *Associated Counsel for the Accused,* for respondent.

FORREST, J.—The State appeals the trial court's ruling on a RALJ appeal that the District Court abused its discretion by failing to follow the sentencing requirements of RCW 46.61.515(2). We reverse and remand for further proceedings.

Jack Elgin was found guilty on stipulated evidence of driving while under the influence of intoxicating liquor in violation of RCW 46.61.502. At sentencing, the court considered Elgin's prior convictions and his probation report, which stated that further treatment of Elgin's alcoholism would probably prove futile. The report recommended the maximum sentence of 1 year. The trial court sentenced Elgin to 1 year's confinement with no time suspended, stating it would consider modification after 90 days.

On a RALJ appeal, the Superior Court held that the District Court "did not follow the sentencing provisions of RCW 46.61.515(2) which the court does find requires a sentencing court to suspend a minimum period of six months." The court reversed the sentence and remanded for resentencing. This appeal followed.

RCW 46.61.515 provides a comprehensive sentencing framework for those convicted of driving while intoxicated or for actual physical control of a motor vehicle while intoxicated. Subsection (2), dealing with repeat offenders, reads in pertinent part:

> On a second or subsequent conviction for driving or being in physical control of a motor vehicle while under the influence of intoxicating liquor or drugs within a five–year period a person shall be punished by imprisonment for not less than seven days nor more than one year and by a fine of not less than five hundred dollars and not more than two thousand dollars. . . . The jail sentence

shall not be suspended or deferred unless the judge finds that the imposition of the jail sentence will pose a risk to the defendant's physical or mental well–being. . . .

In addition to any nonsuspendable and nondeferrable jail sentence required by this subsection, the court shall sentence a person to a term of imprisonment not exceeding one hundred eighty days and shall suspend but shall not defer the sentence for a period not exceeding two years. The suspension of the sentence may be conditioned upon nonrepetition, alcohol or drug treatment, supervised probation, or other conditions that may be appropriate. The sentence may be imposed in whole or in part upon violation of a condition of suspension during the suspension period.

The subsection provides for a 2–part sentencing process. The first paragraph is punitive, while the second paragraph is remedial. Contrary to respondent's contention, we do not find ambiguity or conflict between the two paragraphs.

The first paragraph requires the court to impose a sentence of "not less than seven days nor more than one year". The sentence shall not be suspended or deferred absent circumstances inapplicable to this case. Respondent would have us interpret "the jail sentence" to mean only the mandatory minimum 7 days, regardless of the sentence actually imposed. When statutory language is plain and unambiguous, its meaning must be derived from its wording.[1] The statute is unambiguous: the sentencing judge shall impose a sentence of imprisonment of 7 days to 1 year which shall not be suspended or deferred.

The second paragraph of the subsection directs the court to sentence an offender to a term not exceeding 180 days "[i]n addition to *any* nonsuspendable and nondeferrable jail sentence". (Italics ours.) The court must then suspend but not defer the sentence for a period not exceeding 2 years. Respondent urges us to interpret "any" to mean only the mandatory minimum 7 days mentioned in the first paragraph, regardless of the actual sentence imposed. We

---

[1]*State v. Theilken*, 102 Wn.2d 271, 684 P.2d 709 (1984).

disagree with this interpretation. The language of the statute is again unambiguous. After imposing the punitive sentence required by the first paragraph, the court then imposes and suspends the sentence mandated by the second paragraph.

The second paragraph of RCW 46.61.515(2) is remedial. It gives the court broad discretion to select a term of confinement and a period of suspension to ensure compliance with any conditions imposed. Suspension of the sentence "may be conditioned upon nonrepetition, alcohol or drug treatment, supervised probation, or other conditions that may be appropriate." The statute does not, however, permit the court to forgo imposition and suspension of a sentence. The mandatory nature of the second paragraph promotes safe driving and protection of the public, the policies which underlie enactment of RCW 46.61.515(2). Here, the District Court met the requirement of the first paragraph in sentencing Elgin to 1 year's imprisonment, but failed to impose and suspend a sentence as required by the second paragraph of the statute.

The case is remanded to the District Court for resentencing in accordance with this opinion and the requirements of RCW 46.61.515(2).

COLEMAN, C.J., and WINSOR, J., concur.

Review denied at 113 Wn.2d 1025 (1989).