[No. 57509-6.    En Banc.    March 5, 1992.]

THE STATE OF WASHINGTON, *Petitioner*, v. JACK A. ELGIN, *Respondent*.

*Norm Maleng, Prosecuting Attorney,* and *Donna L. Wise, Senior Appellate Attorney,* for petitioner.

*Paris K. Kallas* of *Washington Appellate Defender Association,* for respondent.

GUY, J. — The defendant was convicted in district court of a repeat offense of driving while intoxicated (DWI). A series of appeals followed, arising from confusion regarding the sentencing provision of RCW 46.61.515(2). This case presents the issue whether RCW 46.61.515(2) permits a sentence of over 1 year for a repeat DWI offense. We hold that it does not. The maximum jail term allowed under RCW 46.61.515(2), including both "nonsuspendable and nondeferrable" as well as "suspended" sentences, is 1 year.

## FACTS

Jack Elgin was convicted in Federal Way District Court of a DWI offense. Because Mr. Elgin had prior DWI con-

victions within the previous 5 years, the court sentenced him to 1 year of confinement with no time suspended, pursuant to the repeat offender provision of RCW 46.61.515(2). Mr. Elgin appealed his sentence to the King County Superior Court, which reversed, holding that under RCW 46.61.515(2), at least 6 months of the 1-year sentence must be suspended. On review of the Superior Court's decision, the Court of Appeals also concluded that the sentence imposed by the District Court was improper, but for a different reason. *State v. Elgin*, 54 Wn. App. 739, 775 P.2d 991 (1989). According to the Court of Appeals, RCW 46.61-.515(2) provides for a 2-part sentencing process for repeat DWI offenses. 54 Wn. App. at 741. The first part is punitive and the second part is remedial. Under the punitive part, stated the Court of Appeals, the sentencing court must impose a sentence of between 7 days and 1 year. The court explained that this sentence is nondeferrable and non-suspendable, except under circumstances inapplicable to this case. 54 Wn. App. at 741. Under the remedial part of the statute, the court must impose and suspend a term of up to 180 days. The Court of Appeals therefore concluded that the District Court erred only in failing to impose and suspend the sentence required by the second part of the statute and remanded the case for resentencing. 54 Wn. App. at 742.

On remand, the District Court reimposed Mr. Elgin's original mandatory jail term of 1 year, and then imposed and suspended an additional jail term of 180 days, making the suspension contingent upon Mr. Elgin's compliance with specified conditions of treatment. On a second appeal from the District Court's decision, the Superior Court held that the District Court lacked jurisdiction and so reversed and dismissed the case. The Superior Court reasoned that the Court of Appeals interpretation of RCW 46.61.515(2) permits imprisonment for over 1 year on a second or subsequent DWI conviction, and that therefore such a conviction is a felony class crime, as defined in RCW 9A.04.040(2). Because the district court is a court of limited jurisdiction

and as such lacks jurisdiction over felonies, the Superior Court concluded that the Federal Way District Court lacked jurisdiction in the present case and therefore ordered the prosecution dismissed.

This court granted the State's petition for discretionary review of the Superior Court's ruling that the District Court lacked jurisdiction. We hold that RCW 46.61.515(2) permits a sentence for a repeat DWI offense of no more than 1 year. A repeat DWI offense is not a felony. The District Court in the present case therefore had jurisdiction, but erred only in sentencing Mr. Elgin for a period greater than that permitted under the statute. Consequently, we reverse the Superior Court's decision and remand the case to the District Court for resentencing.

### ANALYSIS

This case presents the issue whether the sentence for a repeat DWI offense may exceed 1 year. Resolution of this issue requires we interpret RCW 46.61.515(2), which provides in pertinent part:

> On a second or subsequent conviction for [DWI] within a five-year period a person shall be punished by imprisonment for not less than seven days nor more than one year . . . The jail sentence shall not be suspended or deferred unless the judge finds that the imposition of the jail sentence will pose a risk to the defendant's physical or mental well-being. . . .
>
> In addition to any nonsuspendable and nondeferrable jail sentence required by this subsection, the court shall sentence a person to a term of imprisonment not exceeding one hundred eighty days and shall suspend but shall not defer the sentence for a period not exceeding two years. The suspension of the sentence may be conditioned upon nonrepetition, alcohol or drug treatment, supervised probation, or other conditions that may be appropriate. The sentence may be imposed in whole or in part upon violation of a condition of suspension during the suspension period.

This statute requires a sentence consisting of two parts. One part consists of a sentence of between 7 and 365 days' imprisonment. The jail time imposed is nondeferrable and nonsuspendable unless its imposition would pose a risk to the offender's well-being. This part of the sentence will

subsequently be referred to as the "mandatory sentence". The other part consists of an additional sentence, not exceeding 180 days, which the court must suspend subject to the offender complying with treatment conditions the court specifies. This part of the sentence will subsequently be referred to as the "suspended sentence".

The difficulty regarding RCW 46.61.515(2) arises because, on its face, the statute appears to permit the sentencing court to impose a mandatory sentence of 1 year and a suspended sentence of 180 days, yielding a combined sentence of 1½ years. Under RCW 9A.04.040(2), a crime is a felony if persons convicted of that crime may be sentenced to a term in excess of 1 year. Being a court of limited jurisdiction, the district court has only such jurisdiction as the Legislature specifically confers. Const. art. 4, § 10 (amend. 65). The Legislature has not granted to the district court criminal jurisdiction over felonies. RCW 3.66.060(1). Consequently, if RCW 46.61.515(2) permits a repeat DWI offender to be sentenced to over 1 year of imprisonment, then a repeat DWI would be a felony over which the district court would lack jurisdiction.

This court has the ultimate authority to determine the meaning and purpose of a statute. *Multicare Med. Ctr. v. Department of Social & Health Servs.*, 114 Wn.2d 572, 582 n.15, 790 P.2d 124 (1990). Our paramount duty in statutory interpretation is to give effect to the Legislature's intent. *WPPSS v. General Elec. Co.*, 113 Wn.2d 288, 292, 778 P.2d 1047 (1989). We avoid a literal reading of a statute if it would result in unlikely, absurd, or strained consequences. *State v. Neher*, 112 Wn.2d 347, 351, 771 P.2d 330 (1989). "The spirit or purpose of an enactment should prevail over the express but inept wording." *State v. Day*, 96 Wn.2d 646, 648, 638 P.2d 546 (1981).

Accordingly, in interpreting RCW 46.61.515(2), we must seek to determine if the Legislature intended to permit repeat DWI offenders to be sentenced to up to 1½ years of imprisonment, and thereby to make second or subsequent

DWI offenses felony class crimes. For several reasons we are persuaded the Legislature could not have so intended.

Historically, a repeat offense of DWI has been classified as a nonfelony offense. Under Washington's first drunk driving statute, enacted in 1927, the maximum length of imprisonment for a second or subsequent DWI offense was expressly stated to be 1 year. Laws of 1927, ch. 309, § 51. The statute did not explicitly state whether a repeat DWI was a felony or a misdemeanor, but the corresponding crime classification statute established the crime as a nonfelony. Laws of 1927, ch. 309, § 53. The Legislature has never explicitly changed the nonfelony status of repeat DWI offenses.

In particular, the Legislature failed to give any indication that it intended to change the nonfelony status of repeat DWI offenses when it amended RCW 46.61.515 to create the present framework of mandatory and suspended sentences. Laws of 1979, 1st Ex. Sess., ch. 176, § 6. With respect to at least two other specific gross misdemeanors, the Legislature has clearly distinguished between first and subsequent offenses, making subsequent offenses felonies under specified conditions. Laws of 1985, ch. 288, § 2 (harassment; codified at RCW 9A.46.020(2)); Laws of 1984, ch. 262, § 8 (communicating with a minor for immoral purposes; codified at RCW 9.68A.090). Without such an explicit indication from the Legislature, we are reluctant to interpret RCW 46.61.515(2) in a way requiring a departure from the longstanding tradition of treating repeat DWI offenses as nonfelonies.

█ Moreover, regarding a repeat DWI as a felony under RCW 46.61.515(2) would create conflicts within the statute itself as well as with other statutes. We interpret the statute so as to give effect to the legislative intent as determined within the context of the entire statute. *Cherry v. Municipality of Metro Seattle*, 116 Wn.2d 794, 800, 808 P.2d 746 (1991). RCW 46.61.515(2) explicitly authorizes the district court to impose a monetary fine on repeat DWI offenders. This is incongruous with the view that the same

subsection makes a repeat DWI a felony and so strips the district court of jurisdiction over sentencing for repeat DWI offenses. In addition, within RCW 46.61, only three crimes are explicitly identified as felonies, and repeat DWI is not one of them. The felony-class crimes within RCW 46.61 are: vehicular homicide (RCW 46.61.520), vehicular assault (RCW 46.61.522), and eluding a police officer (RCW 46.61-.024). Therefore, if RCW 46.61.515(2) makes repeat DWI offenses felonies, it is the only provision within RCW 46.61 making a crime a felony without an explicit indication of the Legislature's intention to do so.

■ Such a unique status for RCW 46.61.515(2) appears especially implausible when the statute is considered in relation to the Sentencing Reform Act of 1981 (SRA), RCW 9.94A. It is our duty to construe two statutes dealing with the same subject matter so as to maintain the integrity of both. *Buell v. McGee*, 9 Wn.2d 84, 90-91, 113 P.2d 522 (1941). The term "felony traffic offense" is defined in RCW 9.94A.030(18) by a list that includes vehicular homicide (RCW 46.61.520), vehicular assault (RCW 46.61.522), and eluding a police officer (RCW 46.61.024) — in other words, all the felonies explicitly identified as such in RCW 46.61. Significantly, no DWI offense appears on that list. Instead, the offense of DWI is listed in RCW 9.94A.030(26) as a "serious traffic offense". The other "serious traffic offenses" listed in RCW 9.94A.030(26), actual physical control while intoxicated (RCW 46.61.504), reckless driving (RCW 46.61-.500), and hit and run of an attended vehicle (RCW 46.52-.020(5)), are all nonfelony offenses. RCW 9.94A.030(26) contains no provision that would distinguish DWI as the unique felony within the list of "serious traffic offenses".

In sum, repeat DWI offenses have traditionally not been felonies, the 2-part sentencing scheme of RCW 46.61.515(2) was enacted with no express indication that the Legislature intended to transform the crime into a felony, and regarding the crime as a felony would conflict with the SRA's classification of traffic offenses. We therefore do not believe RCW 46.61.515(2) manifests the Legislature's intention to trans-

form repeat DWI offenses into felonies. We attribute the appearance that RCW 46.61.515(2) permits sentences of greater than 1 year to inartful drafting.

 ▓▓ RCW 46.61.515(2) can easily be interpreted as consistent with the assumption of the nonfelony status of repeat DWI offenses. The statute requires a 2-part sentence, but it does not require a 2-part sentencing process in which the parts of the sentence are determined without reference to one another. In fashioning the sentence, in other words, the sentencing court must consider the mandatory and suspended sentences together. The mandatory sentence may range anywhere between 7 days and 1 year, and the suspended sentence may range anywhere between 0 and 180 days, provided the combined sentence does not exceed 1 year. This interpretation is consistent with the literal language of RCW 46.61.515(2), it maintains the longstanding and never-disavowed tradition that repeat DWI offenses are not felonies, and it avoids rendering RCW 46.61.515(2) inconsistent with the SRA.

Mr. Elgin argues RCW 46.61.515(2) should be interpreted in such a way that the sentencing court must impose and suspend a sentence of at least 180 days. The King County Superior Court understood the statute in this way when Mr. Elgin appealed the sentence he first received from the District Court. This is an erroneous interpretation of RCW 46.61.515(2). The statute specifically states that the suspended sentence shall *not exceed* 180 days; it does not say that the sentence must be *at least* 180 days.

## CONCLUSION

The maximum sentence that may be imposed under RCW 46.61.515(2), including both a mandatory and a suspended sentence, is 1 year. We disapprove of any inference to the contrary that might be suggested by *State v. Elgin*, 54 Wn. App. 739, 775 P.2d 991 (1989).

Because we hold that under RCW 46.61.515(2) the sentence for a repeat DWI offense may not exceed 1 year, a repeat DWI offense is not a felony. Therefore, the Superior

Court erred in ruling that the District Court lacked jurisdiction over Mr. Elgin's repeat DWI offense. Consequently, we reverse the Superior Court's decision.

In the second and most recent sentencing proceeding in Federal Way District Court, Mr. Elgin was sentenced to a 1-year mandatory sentence and a suspended sentence of 180 days. This exceeds the statutory maximum. We therefore vacate the sentence and remand to the District Court for resentencing consistent with this opinion.

DORE, C.J., and BRACHTENBACH, DOLLIVER, and DURHAM, JJ., concur.

JOHNSON, J. (dissenting) — Although I agree with the majority's conclusion that the Legislature likely did not intend to transform a repeat DWI into a felony when it amended RCW 46.61.515(2), the language of this section of the statute is not ambiguous and therefore is not subject to "interpretation".

The relevant statutory provisions are contained in two paragraphs within RCW 46.61.515(2). In the first, the Legislature authorizes nonsuspendable ("mandatory") jail sentences of up to 1 year. In the second, the Legislature authorizes a suspended term of 180 days "in addition to" the mandatory sentence described in the first paragraph. A repeat DWI offender thus faces a potential sentence of up to 1½ years in length. Under Washington law, this turns the offense into a felony, *see* RCW 9A.04.040(2), and deprives the district court of jurisdiction. *See* RCW 3.66.060.

The majority purports to avoid this result by applying principles of statutory interpretation, yet it ignores the primary principle that unambiguous language is to be applied as written. *E.g., State v. Smith*, 117 Wn.2d 263, 270-71, 814 P.2d 652 (1991); *Tacoma v. State*, 117 Wn.2d 348, 356, 816 P.2d 7 (1991); *Sidis v. Brodie/Dohrmann, Inc.*, 117 Wn.2d 325, 329, 815 P.2d 781 (1991). The District Court and the Superior Court found the language unambiguous, as did the

Court of Appeals prior to remand. *See State v. Elgin*, 54 Wn. App. 739, 742, 775 P.2d 991, *review denied*, 113 Wn.2d 1025 (1989). Neither party identifies any ambiguous language in the statute.

Directly contradicting the statute's clearly expressed terms, the majority adds its own limitation that the sum total of the mandatory sentence and the suspended sentence not exceed 1 year in duration. Such a limitation makes good policy, as it preserves district court jurisdiction over all aspects of DWI prosecutions. Yet this is a matter for legislative, not judicial, consideration. Here, the statute clearly authorizes incarceration in excess of 1 year with no indication anywhere that the Legislature intended otherwise. The majority's holding to the contrary is not warranted under any principle of statutory interpretation.

Because district courts lack jurisdiction over a felony, I would affirm the Superior Court's judgment vacating the sentence Elgin received under RCW 46.61.515(2). Nevertheless, I would not dismiss the prosecution. Even if the District Court lacked jurisdiction under RCW 46.61.515(2)'s provisions for repeat offenders, the court still retains jurisdiction to impose a sentence under the general provisions of RCW 46.61.515(1). Pursuant to RCW 46.61.515(1), "[e]very person who is convicted of [a DWI offense] shall be punished by imprisonment for not less than twenty-four consecutive hours nor more than one year . . .." I would remand for resentencing under RCW 46.61.515(1) and leave the redrafting of RCW 46.61.515(2) to the Legislature.

UTTER and SMITH, JJ., concur with JOHNSON, J.