996 P.2d 598 (2000)
140 Wash.2d 313
WATERJET TECHNOLOGY, INC., Plaintiff,
v.
FLOW INTERNATIONAL CORPORATION, Mohamed Hashish, and Steven Craigen, Defendants.
No. 68500-2.
Supreme Court of Washington, En Banc.
Argued March 9, 2000.
Decided April 6, 2000.
David Horace Binney, Andrew F. Pratt, William Owen Ferron, Jr., Seattle, for Defendants.
Mark Gerard Jackson, Seattle, for Plaintiff.
JOHNSON, J.
In the following certified questions the United States District Court, Western District of Washington, asks us to discern whether an agreement (the Craigen Agreement) requiring employee Steven Craigen to assign patents to employer Waterjet Technology, Inc. (Waterjet) is enforceable in whole or in part under RCW 49.44.140 or, *599 alternatively, under Washington common law:
1. Did the Craigen Agreement provide adequate notice to Craigen under RCW 49.44.140(3)?
2. If not, may Waterjet enforce the portion of the Craigen Agreement that is consistent with the requirements of RCW 49.44.140(1)?
3. If not, may Waterjet enforce an implied agreement that Craigen assign the patent
in-suit to Waterjet, or did RCW 49.44.140 preempt an employer's common law rights to inventions invented by employees who were hired or directed by the employer to invent them?
Order Granting Pl.'s Mot. for Certification of State Law Questions to the Supreme Ct. of Wash. at 1.
We hold under the facts of this case the Craigen Agreement did provide adequate notice under RCW 49.44.140(3) and even were notice insufficient, the remedy would be limited to excision of the portions of the agreement inconsistent with RCW 49.44.140(1). In light of these determinations, we do not reach the third question.
In reaching our conclusions, we rely on the facts provided by the federal district court, which constitute the entirety of the record. RCW 2.60.010(4).

FACTS
Waterjet, plaintiff in this action, is a Washington corporation engaged in research and development of high pressure and abrasive waterjet cutting, drilling, and milling technology. Waterjet was formerly known as Flow Industries, Inc.[1] In 1974, Flow International Corporation (Flow International), a defendant in this action, was formed as a subsidiary of Waterjet. In 1983, Flow International "spun off" from Waterjet, although the two companies continued to work together until 1995.
Waterjet owns, by assignment, an extensive portfolio of United States patents in its area of research and development. Waterjet has always required its employees to assign their patents to Waterjet. These patents are the result of research and development performed by Waterjet's employees at Waterjet's behest and using Waterjet's resources and facilities. For each of these patents, Waterjet pays the fees for prosecution of the patent application and the fees charged by the United States Patent and Trademark Office.
In 1983, Waterjet hired Steven Craigen as a senior laboratory technician; Waterjet later promoted Craigen to the position of associate engineer. At the date of his hire, Craigen signed an employment agreement. Paragraph three of the Craigen Agreement stated:
3. I will disclose promptly to [Waterjet] in writing all ideas, inventions and discoveries conceived or developed in whole or in part, during the term of my employment with [Waterjet], related to any of [Waterjet's] business whether or not conceived or developed during working hours or on the property of [Waterjet]. Such ideas, inventions and discoveries shall be the property of [Waterjet] and it shall have the right to any patents which may be issued with respect to the same. I will also, and hereby do, assign to [Waterjet] and/or its nominees all my right, title and interest in such ideas, inventions and discoveries and all rights, title and interest in any patent applications or patents that may be issued based thereon. I agree to sign applications for patents, assignments, and other papers, and do such things as [Waterjet] may require for establishing and protecting its ownership and to effectuate the foregoing, either during my employment or thereafter.
Stipulation Regarding Questions Certified to the Supreme Ct. of Wash. Attach. 1, at 1.
*600 Craigen is the named inventor on several patents. He has assigned at least three of these patents to Waterjet. In 1992, Craigen and other Waterjet employees submitted an invention disclosure form to Waterjet describing a method and apparatus for milling using high pressure waterjet-containing abrasives (1992 Invention). This invention was created by Waterjet employees, including Craigen, during Craigen's tenure of employment at Waterjet. Waterjet employees conducted the research and development for the 1992 Invention at Waterjet's direction. The 1992 Invention was subsidized by Waterjet directly and funded from Waterjet's government and commercial contracts.
The 1992 Invention became the subject of United States Patent 5,704,824 (Patent 824), prosecuted and paid for by Waterjet and issued on January 6, 1998. Of the eight members of the team that developed the invention, seven assigned their rights in Patent 824 to Waterjet; Craigen, the remaining member of the team, did not. In 1997, Craigen accepted a position with Flow International, Waterjet's former subsidiary.
In 1998, Waterjet filed an action in the United States District Court, Western District of Washington, alleging infringement by Flow International of Patent 824. The complaint also sought to compel assignment of Craigen's rights to Patent 824.[2] In 1999, Craigen initiated an action in King County Superior Court to determine his obligation, if any, to assign his rights in Patent 824 to Waterjet.[3] Pursuant to RCW 2.60.020, the federal district court then certified to this court the three questions listed above.

ANALYSIS
I. Did the Craigen Agreement provide adequate notice to Craigen under RCW 49.44.140(3)?
Agreements governing assignment of patents by employees to employers are governed by statute in Washington. RCW 49.44.140. The statute provides as follows:
(1) A provision in an employment agreement which provides that an employee shall assign or offer to assign any of the employee's rights in an invention to the employer does not apply to an invention for which no equipment, supplies, facilities, or trade secret information of the employer was used and which was developed entirely on the employee's own time, unless (a) the invention relates (i) directly to the business of the employer, or (ii) to the employer's actual or demonstrably anticipated research or development, or (b) the invention results from any work performed by the employee for the employer. Any provision which purports to apply to such an invention is to that extent against the public policy of this state and is to that extent void and unenforceable.
(2) An employer shall not require a provision made void and unenforceable by subsection (1) of this section as a condition of employment or continuing employment.
(3) If an employment agreement entered into after September 1, 1979, contains a provision requiring the employee to assign any of the employee's rights in any invention to the employer, the employer must also, at the time the agreement is made, provide a written notification to the employee that the agreement does not apply to an invention for which no equipment, supplies, facility, or trade secret information of the employer was used and which was developed entirely on the employee's own time, unless (a) the invention relates (i) directly to the business of the employer, or (ii) to the employer's actual or demonstrably anticipated research or development, or (b) the invention results from any work preformed [sic] by the employee for the employer.
RCW 49.44.140.
Only one reported decision in Washington interprets RCW 49.44.140(3), the notice provision *601 of the statute. See Machen, Inc. v. Aircraft Design, Inc., 65 Wash.App. 319, 828 P.2d 73 (1992). There, Machen, Inc., a developer and manufacturer of airplane parts, hired Darwin Conrad as a salesman and, later, as a research and development coordinator. Machen, Inc., 65 Wash.App. at 321, 828 P.2d 73. Conrad signed a written confidentiality and ownership of invention agreement. Machen, Inc., 65 Wash.App. at 323, 828 P.2d 73. The agreement purported to apply to "all ideas, inventions, and other developments or improvements conceived by Employee, alone or with others, during the term of his or her employment, whether or not during working hours, that are within the scope of [employer's] business operations or that relate to any of [employer's] work or projects...." Machen, Inc., 65 Wash.App. at 333, 828 P.2d 73.
Eventually Machen, Inc. and its corporate successor sued Conrad for breach of the agreement. Among his defenses, Conrad alleged the agreement failed to provide adequate notice of his statutory rights under RCW 49.44.140(3). Machen, Inc., 65 Wash. App. at 332-33, 828 P.2d 73. The trial court invalidated the contract for lack of consideration, but the Court of Appeals disagreed with this conclusion. Machen, Inc., 65 Wash. App. at 332, 828 P.2d 73. Nevertheless, with no analysis of what constituted "written notification" under the statute, the Court of Appeals accepted Conrad's claim that the notice provisions of RCW 49.44.140(3) were not satisfied and held the entire contract unenforceable as a matter of law. Machen, Inc., 65 Wash.App. at 333, 828 P.2d 73.
Defendants argue that due to the similarity between the Craigen Agreement and the Machen, Inc. agreement, the Craigen Agreement does not satisfy RCW 49.44.140(3). Defendants also suggest the Craigen Agreement is deficient because notice was not provided in a separate statement. Plaintiff counters that the Craigen Agreement provided adequate notice on its face and to the extent Machen, Inc. would have us hold otherwise, it should be overruled. Based on the nature of the Craigen Agreement, we agree with the plaintiff.
Initially, there is no reason why notice may not be provided in the employment agreement itself. All the statute requires is the employer "provide a written notification...." RCW 49.44.140(3). Machen, Inc. does not address this issue, although nothing in the opinion states notice must be contained in a separate document. See Machen, Inc., 65 Wash.App. at 333, 828 P.2d 73. Commentators examining this and similar statutes in other states have assumed notice will be provided in the agreement itself. See Evelyn D. Pisegna-Cook, Ownership Rights of Employee Inventions: The Role of Preinvention Assignment Agreements and State Statutes, 2 U. Balt. Intell. Prop. L.J. 163, 183-84 (1994) (statutes "require that a written provision be incorporated into the agreement stating that [certain inventions] are not assignable." (emphasis added)) (citing inter alia RCW 49.44.140(3)); Ronald B. Coolley, Recent Changes in Employee Ownership Laws: Employers May Not Own Their Inventions and Confidential Information, 41 Bus. Law. 57, 64 (1985) ("The best way to provide written notification is in the agreement.") (citing inter alia RCW 49.44.140(3)). There is no prohibition against placing the required notice in the employment agreement.
Furthermore, the purpose of the notice provision of RCW 49.44.140 is to prevent overreaching by employers. See, e.g., Ingersoll-Rand Co. v. Ciavatta, 110 N.J. 609, 542 A.2d 879 (1988) (citing inter alia RCW 49.44.140); Pisegna-Cook, 2 U. Balt. Intell. Prop. L.J. at 177-78. Defendants fail to establish why the Craigen Agreement, under the facts of this case, did not fully satisfy this policy with regard to Patent 824. Nor does Machen, Inc., upon which defendants heavily rely, answer this question. To the extent Machen, Inc. suggests an agreement may not, on its face, satisfy RCW 49.44.140(3), it is overruled.
RCW 49.44.140 expressly allows for assignment of patents related "directly to the business of the employer" or "to the employer's actual or demonstrably anticipated research or development," even if such inventions are developed on the employee's own time or without the employer's resources. RCW *602 49.44.140(1)(a)(i)-(ii). RCW 49.44.140(3) calls for notice that patents outside this scope are not assignable. But this is not such a patent. Here defendants concede Patent 824 is directly related to the business of Waterjet. With regard to Patent 824, Craigen received all the notice to which he was entitled.
We, therefore, hold that given the language of the Craigen Agreement and the fact Patent 824 "relate[d] directly to the business of the employer," RCW 49.44.140(3) required nothing further under the facts of this case. We answer the first certified question in the affirmative.
II. If the Craigen Agreement did not provide adequate notice, could Waterjet enforce the portion of the agreement consistent with the requirements of RCW 49.44.140(1)?
Even if our answer to the first certified question were otherwise, plaintiff contends the proper remedy for inadequate notice under RCW 49.44.140(3) is to sever the portions of the agreement that violate RCW 49.44.140(1). To support this argument, plaintiff notes that employment agreements exceeding the bounds of the statute are "to that extent against the public policy of this state and is to that extent void and unenforceable." RCW 49.44.140(1)(b) (emphasis added). Defendant asserts that under Machen, Inc. an agreement lacking the required statutory notice is void in its entirety. See Machen, Inc., 65 Wash.App. at 333, 828 P.2d 73. Once again, plaintiff has the superior argument.
The Legislature has set forth a remedy for employees subjected to an overreaching patent assignment agreement: invalidation of the offending sections. RCW 49.44.140(1). We interpret statutes "so as to give effect to the legislative intent as determined within the context of the entire statute." State v. Elgin, 118 Wash.2d 551, 556, 825 P.2d 314 (1992) (emphasis added) (citing Cherry v. Municipality of Metro. Seattle, 116 Wash.2d 794, 800, 808 P.2d 746 (1991)). Machen, Inc. provided no reason why an entire employment agreement should be invalidated especially when, as here, the agreement may contain numerous terms unrelated to patent assignments. Its holding is unpersuasive and contrary to the legislative purpose behind the statute.
We hold in cases where notice is inadequate under RCW 49.44.140(3), the remedy should be derived from RCW 49.44.140(1). Overreaching portions of the agreement should be stricken as against public policy. As established above, neither the Craigen Agreement nor its application to Patent 824 runs afoul of RCW 49.44.140(1). Therefore, even were notice inadequate here, the Craigen Agreement could still be enforced as to Patent 824. We answer the second certified question in the affirmative. Given our answers to questions one and two, we decline to reach the third certified question.

CONCLUSION
RCW 49.44.140(3) is not a vehicle for a facial challenge to an otherwise valid employment agreement; its purpose is to prevent enforcement of overbroad agreements that violate public policy. That public policy is expressly set forth in RCW 49.44.140(1). The Craigen Agreement in this case required assignment of a patent that all parties have agreed is directly related to the business of Waterjet. To invalidate this agreement based on other speculative scenarios would itself be against public policy as established by the Legislature. As Machen, Inc. conflicts with this opinion, its analysis of RCW 49.44.140 is overruled. We answer "yes" to certified questions one and two, and decline to reach question three.
GUY, C.J., SMITH, MADSEN, ALEXANDER, TALMADGE, SANDERS, IRELAND, and BRIDGE, JJ., concur.
NOTES
[1] To avoid confusion, both Flow Industries, Inc., and Waterjet Technology, Inc. will be referred to as Waterjet.
[2] Waterjet also sought assignment of the interest in Patent 824 held by Dr. Mohamed Hashish. Dr. Hashish has since assigned those rights to Waterjet, although Dr. Hashish's employment with Waterjet commenced before the enactment of RCW 49.44.140.
[3] That action was been stayed pending our decision here.