IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No.  37642-7-III |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| P.M.E.,[†] | ) | |
| | ) | |
| Respondent. | ) | |

LAWRENCE-BERREY, J. — The question we answer today is whether juvenile court jurisdiction may be waived for any type of criminal charge.  The answer requires us to construe RCW 13.40.110(1).  That section, entitled "discretionary decline hearing," permits the prosecutor, the respondent, or the court to request that the respondent be transferred to adult court for prosecution.

We conclude that RCW 13.40.110(1) permits a juvenile court to transfer a respondent to adult court for prosecution only if the charged offense is subject to a

---

[†] Although P.M.E. (born in 2002) is no longer a minor, we use his initials throughout this opinion to protect his privacy interests.  Gen. Order for Court of Appeals, *In Re Changes to Case Title* (Wash. Ct. App. Aug. 22, 2018) (effective September 1, 2018), http://www.courts.wa.gov/appellate_trial_courts.

decline hearing. We further conclude that a juvenile cannot waive juvenile court

jurisdiction beyond what the legislature has permitted to be declined to adult court for

prosecution.

## FACTS

In February 2020, the State charged 17-year-old P.M.E. with two counts

of fourth degree assault, a gross misdemeanor. P.M.E. filed a motion to decline

his case to adult jurisdiction. His reasons for doing so included his desire for a jury

trial and the opportunity to vacate, rather than seal, his convictions. He argued that

RCW 13.40.110(1) permits a juvenile court to decline jurisdiction over any criminal case

provided the juvenile's waiver is an express waiver intelligently made, as required by

RCW 13.40.140(10). The State opposed the motion. It argued that RCW 13.40.110(1)

permits a juvenile court to decline jurisdiction only in those cases where a decline hearing

is required.

The matter was argued to the juvenile court. The court noted that clarity in the law

was needed. It construed the subsection favorably to P.M.E. and granted his request to

transfer prosecution of his fourth degree assault charges to adult court. In so doing, it

concluded that juvenile court jurisdiction could be waived for offenses that did not

require a decline hearing, P.M.E.'s fourth degree assault charges did not require a decline

No. 37642-7-III
*State v. P.M.E.*

hearing, and declination of juvenile court jurisdiction was in P.M.E.'s best interests. The State requested reconsideration, and the trial court denied its request.

The State timely sought discretionary review and a stay of the juvenile court's order. A commissioner of this court granted the State's motions. Comm'r's Ruling, No. 37642-7-III (Wash. Ct. App. Sept. 2, 2020).

## ANALYSIS

JUVENILE COURT AUTHORITY TO TRANSFER

Juvenile courts have exclusive original jurisdiction over juveniles alleged to have committed criminal offenses unless the court transfers the case to adult court pursuant to RCW 13.40.110.[1] The State contends the juvenile court erred by construing RCW 13.40.110(1) as permitting waiver of juvenile court jurisdiction over cases that do not require a decline hearing. We agree.

But before we consider the waiver issue, we first address whether a juvenile court has authority to transfer juveniles to adult criminal court without a decline hearing. We hold that juvenile courts do not.

Questions of statutory interpretation are reviewed de novo. *State v. Bunker*, 169 Wn.2d 571, 577, 238 P.3d 487 (2010). "Our 'paramount duty in statutory interpretation is

---

[1] *See* RCW 13.04.030(1)(e)(i).

3

to give effect to the Legislature's intent.'" *State v. Barnes*, 189 Wn.2d 492, 495, 403 P.3d 72 (2017) (quoting *State v. Elgin*, 118 Wn.2d 551, 555, 825 P.2d 314 (1992)). When interpreting a statute, we first look to its plain language. *State v. Armendariz*, 160 Wn.2d 106, 110, 156 P.3d 201 (2007). Where statutory language is unambiguous, its meaning must be derived from the wording of the statute itself. *State v. Ervin*, 169 Wn.2d 815, 820, 239 P.3d 354 (2010). The plain meaning of a statute may be discerned from all that the legislature has said in the statute and in related statutes that disclose legislative intent about the provision in question. *Bunker*, 169 Wn.2d at 578. We only resort to other interpretive aids when there is ambiguity. *In re Dependency of D.L.B.*, 186 Wn.2d 103, 116, 376 P.3d 1099 (2016).

RCW 13.40.110 provides:

> (1) Discretionary decline hearing—The prosecutor, respondent, or the court on its own motion may . . . file a motion requesting the court to transfer the respondent for adult criminal prosecution *and* the matter shall be set for a hearing on the question of declining jurisdiction *only if*:
> (a) The respondent is, at the time of proceedings, at least fifteen years of age or older and is charged with a serious violent offense as defined in RCW 9.94A.030;
> (b) The respondent is, at the time of proceedings, fourteen years of age or younger and is charged with murder in the first degree (RCW 9A.32.030), and/or murder in the second degree (RCW 9A.32.050); *or*
> (c) The respondent is any age and is charged with custodial assault, RCW 9A.36.100, and, at the time the respondent is charged, is already serving a minimum juvenile sentence to age twenty-one.

(2) Mandatory decline hearing—Unless waived by the court, the parties, and their counsel, a decline hearing shall be held when the information alleges an escape by the respondent and the respondent is serving a minimum juvenile sentence to age twenty-one.

(3) The court *after a decline hearing* may order the case transferred for adult criminal prosecution upon a finding that the declination would be in the best interest of the juvenile or the public. . . .

(Emphasis added.)

In isolation, section (1) is ambiguous because it can be reasonably construed two ways. P.M.E. argues it should be construed as permitting the "prosecutor, respondent, or the court" to file a motion requesting transfer to adult court, and that a decline hearing is required "only if" subsection (a), (b), or (c) is met. Under this construction, any criminal offense can be transferred to adult court.[2] The State argues section (1) should be construed as permitting the "prosecutor, respondent, or the court" to file a motion to transfer to adult court "and" set a decline hearing "only if" subsection (a), (b), or (c) is

---

[2] P.M.E. conceded in his brief and again during oral argument that adopting his construction would permit not only juveniles, but juvenile courts and the State, to request transfer of any type of criminal offense to adult court for prosecution. We note that such a construction would increase rather than decrease the number of juveniles sent to adult court. This result runs counter to the legislature's acknowledgement that transferring juveniles to adult court is ineffective in reducing criminal behavior. *See* LAWS OF 2019, ch. 322, § 1 ("The legislature acknowledges that transferring youth and young adults to the adult criminal justice system is not effective in reducing future criminal behavior. Youth and young adults incarcerated in the adult criminal justice system are more likely to recidivate than their counterparts housed in juvenile facilities.").

met. Under this construction, only criminal offenses subject to a decline hearing can be transferred to adult court.

The rules of statutory construction set forth above require us to resolve ambiguities by considering related provisions. The ambiguity noted above is resolved when we consider section (3) of the statute.

Section (3) conditions transfer to adult court on a decline hearing. And section (1) permits decline hearings "only if" subsection (a), (b), or (c) is met. For this reason, juvenile courts may not decline jurisdiction in favor of adult court unless subsection (a), (b), or (c) is met. We reject P.M.E.'s construction of the statute and adopt the State's. We conclude that the lower court erred when it construed RCW 13.40.110(1) as allowing it to transfer matters other than those described in subsections (a), (b), or (c).

WAIVER OF JUVENILE COURT JURISDICTION

P.M.E. argues he can waive his right to juvenile court jurisdiction and have his fourth degree assault charges tried in adult court. He relies on *State v. Saenz*, 175 Wn.2d 167, 283 P.3d 1094 (2012).

In *Saenz*, the court held that an adjudication of a juvenile accused of a criminal offense may not be moved from juvenile court to adult criminal court on the basis of the juvenile's waiver of jurisdiction unless two things occur. First, the record must show that

the juvenile was fully informed of the consequences of waiver and the juvenile's waiver was made expressly and intelligently after being so informed. *Id.* at 174-75. "Second, after a decline hearing but before transferring a case to adult court, juvenile courts must enter findings in the record, including a finding that transfer to adult court is in the best interest of the juvenile or the public." *Id.* at 175.

Here, the State charged P.M.E. with two gross misdemeanors, and a decline hearing is not permitted for gross misdemeanors. P.M.E. cannot satisfy the second step discussed in *Saenz*. We conclude that a juvenile may not waive juvenile court jurisdiction for matters not subject to a decline hearing.

Reversed and remanded for adjudication by juvenile court.

 

Lawrence-Berrey, J.

WE CONCUR:

Fearing, J.

Staab, J.

7