**FILED**
**MARCH 10, 2020**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| CITY OF RICHLAND, | ) | No. 36268-0-III |
| | ) | (consolidated with |
| Respondent, | ) | No. 36337-6-III) |
| | ) | |
| v. | ) | |
| | ) | |
| DEAN ALLEN STENBERG, | ) | |
| | ) | |
| Appellant. | ) | UNPUBLISHED OPINION |
| | ) | |
| CITY OF PASCO, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JASON MICHAEL SHERGUR, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — In this consolidated appeal, we granted discretionary review to answer whether law enforcement must offer a person suspected of driving under the influence a breath test before obtaining a search warrant to draw blood. We answer no and affirm the two trial courts.

FACTS

*Dean Stenberg*

Officer Bonnie Meyer of the Richland City Police Department stopped Dean

Stenberg for a traffic violation. The officer could smell a strong odor of intoxicants from

Stenberg's breath. The officer conducted field sobriety tests and thereafter applied for

and obtained a search warrant to obtain a sample of Stenberg's blood. Stenberg's blood

was drawn, and toxicology results showed the alcohol/blood content to be 0.18g/100ml.

Stenberg moved to suppress the toxicology results and argued the search violated

the Fourth Amendment to the United States Constitution, article I, section 7 of the

Washington Constitution, and Washington's implied consent statute. The Richland

municipal court denied Stenberg's motion. The municipal court, hearing the case on

stipulated facts, convicted Stenberg of operating a motor vehicle while under the

influence of intoxicating liquor.

Stenberg appealed the Richland municipal court's ruling denying his motion to

suppress the toxicology results. A Benton County Superior Court affirmed the municipal

court's ruling. Stenberg timely appealed to this court.

<u>*Jason Shergur*</u>

Officer Thomas Groom of the Pasco City Police Department stopped Jason Shergur for a traffic infraction. The officer could smell an odor of intoxicants coming from Shergur's breath. The officer conducted field sobriety tests and thereafter applied for and obtained a search warrant to obtain a sample of Shergur's blood. Shergur's blood was drawn, and toxicology results showed the alcohol/blood content to be 0.16g/100ml.

Shergur moved to suppress the toxicology results and argued the search violated the Fourth Amendment to the United States Constitution, article I, section 7 of the Washington Constitution, and Washington's implied consent statute. The Pasco municipal court denied Shergur's motion to suppress. The municipal court, hearing the case on stipulated facts, convicted Shergur of operating a motor vehicle while under the influence of intoxicating liquor.

Shergur appealed the municipal court's decision to deny his motion to suppress the toxicology result. A Franklin County Superior Court affirmed the municipal court's ruling. Shergur timely appealed to this court.

We granted discretionary review of both rulings and consolidated Stenberg's and Shergur's appeals. *See* Comm'rs Ruling, *City of Richland v. Stenberg*, No. 36286-0-III consolidated with No. 36337-6-III (Wash. Ct. App. Dec. 31, 2018).

ANALYSIS

Stenberg and Shergur argue law enforcement must offer a person suspected of driving under the influence a breath test before applying for a search warrant. We disagree.

A.    WASHINGTON'S IMPLIED CONSENT STATUTE

Stenberg and Shergur argue Washington's implied consent statute makes it perfectly clear that the State can demand a blood draw under only limited circumstances.

We review issues of statutory interpretation de novo. *State v. Schultz*, 146 Wn.2d 540, 544, 48 P.3d 301 (2002). Our primary goal is to effectuate legislative intent. *In re Custody of Shields*, 157 Wn.2d 126, 140, 136 P.3d 117 (2006). We derive legislative intent from the plain language when its meaning is plain and unambiguous. *City of Seattle v. St. John*, 166 Wn.2d 941, 945, 215 P.3d 194 (2009).

RCW 46.20.308,[1] Washington's implied consent statute, provides in part:

> (1) Any person who operates a motor vehicle within this state is deemed to have given consent, subject to the provisions of RCW 46.61.506, to a test or tests of his or her breath for the purpose of determining the alcohol concentration in his or her breath if arrested for any offense where, at the time of the arrest, the arresting officer has reasonable grounds to believe the person had been driving or was in actual physical control of a

---

[1] Stenberg and Shergur repeatedly cite "RCW 4620.508" in their brief. There is no such statute. Nor does RCW 46.20.508 exist. The State responds with citations to RCW 46.20.308, which also is the statute cited in the rulings on review.

motor vehicle while under the influence of intoxicating liquor or any drug or was in violation of RCW 46.61.503.

. . . .

(4)  Nothing in subsection (1), (2), or (3) of this section *precludes a law enforcement officer from obtaining a person's blood to test for alcohol,* marijuana, or any drug, *pursuant to a search warrant*, a valid waiver of the warrant requirement, when exigent circumstances exist, or under any other authority of law. . . .

We find Stenberg's and Shergur's argument unpersuasive.  Although omitted in their brief, subsection (4) clearly permits a law enforcement officer to obtain a warrant for a person's blood for testing.  *See City of Seattle*, 166 Wn.2d at 946 ("[A]n officer may obtain a blood alcohol test pursuant to a warrant regardless of the implied consent statute.").

B.    CONSTITUTIONAL ARGUMENTS

Stenberg and Shergur contend the searches were unconstitutional under our state and federal constitutions.  We review constitutional issues de novo.  *State v. Budd*, 185 Wn.2d 566, 571, 374 P.3d 137 (2016).

Article I, section 7, of the Washington Constitution provides: "No person shall be disturbed in his private affairs, or his home invaded, without authority of law."  A lawfully issued search warrant complies with the "authority of law" requirement.  *York v. Wahkiakum Sch. Dist. No. 200*, 163 Wn.2d 297, 306, 178 P.3d 995 (2008).

The Fourth Amendment provides, in part, "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause . . . ."

Stenberg and Shergur cite *Schmerber v. California*, 384 U.S. 757, 768, 86 S. Ct. 1826, 16 L. Ed. 2d 908 (1966) and *Birchfield v. North Dakota*, ___ U.S. ___, 136 S. Ct. 2160, 195 L. Ed. 2d 560 (2016) to support their argument that blood tests are sufficiently invasive that they may not be administered by warrant unless law enforcement first offers the suspect the option of a breath test. Those authorities are contrary. *Schmerber* explains that the taking of blood is commonplace, the quantity taken is minimal, and the procedure involves virtually no risk, trauma, or pain. 384 U.S. at 771. And *Birchfield* notes, "Nothing prevents the police from seeking a warrant for a blood test when there is sufficient time to do so in the particular circumstances." 136 S. Ct. at 2184. Here, law enforcement complied with state and federal constitutional requirements by obtaining warrants for the blood draws.

We conclude the trial courts did not err by denying Stenberg's and Shergur's motions to suppress.

6

No. 36268-0-III; No. 36337-6-III
*City of Richland v. Stenberg*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

Lawrence-Berrey, C.J.

WE CONCUR:

Siddoway, J.                    Fearing, J.

7